**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 11-CR-30118-WDS |
| | ) | |
| WALTER W. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion to appoint new counsel (Doc. 18). A brief procedural overview is necessary before proceeding to defendant's pending motion.

### I. Procedural Posture

On June 23, 2011, defendant was charged by the grand jury with Count 1, bank robbery, Count 2, carrying and use of a firearm during a crime of violence, and Count 4, interference with commerce by robbery. On May 22, 2012, defendant filed a consent to transfer this case for plea and sentence pursuant to Federal Rule of Criminal Procedure 20, in which he consented to the disposition of the above-captioned case in the Eastern District of Missouri (Doc. 13). Defendant was under indictment in the Eastern District of Missouri, and, pursuant to his Rule 20 consent, waived trial in the Southern District of Illinois. He has, since, failed to plead to the charges pending against him in this matter, and the matter was returned to the Southern District of Illinois on August 20, 2012 (Doc. 15). The Eastern District of Missouri returned the case in accordance with Fed. R. Crim. P. 20(c), which provides: "[i]f the defendant pleads not guilty after the case has been transferred under Rule 20(a), the clerk must return the papers to the court where the prosecution

began, and that court must restore the proceeding to its docket."   Furthermore, pursuant to

defendant's Rule 20 transfer, the Eastern District of Missouri only had the authority to act upon

defendant's guilty plea, or return the defendant to this District.  *United States v. Young*, 814 F.2d

392, 395 (7th Cir. 1987).

In light of these events, this Court has restored the matter to its docket, and seeks defendant's

initial appearance before a magistrate judge in this District as soon as possible. This Court also notes

the following with respect to speedy trial: (1) Due to the fact that defendant has not yet appeared

before any judge in this District, the Speedy Trial clock has not yet started with respect to this

matter. *United States v. Richardson*, No. 4:11CR3012, 2011 WL 5120394, at \*1-4 (D.Neb. October

5, 2011).  Pursuant to 18 U.S.C. § 3161(c)(1):

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged
> in an information or indictment with commission of an offense shall commence
> within seventy days from the filing date (and making public) of the information or
> indictment, or from the date the defendant has appeared before a judicial officer *of
> the court in which such charge is pending*, whichever last occurs.

(emphasis added).  The defendant has not yet appeared before this Court, the Court in which the

charges against him are pending.  (2) Even if the speedy trial clock had started, "[s]pecifically

excluded from the 70 days is a 'delay resulting from any proceeding relating to the transfer of a case

or the removal of any defendant from another district under the Federal Rules of Criminal

Procedure.'" *Young*, 814 F.2d at 395 (*citing* 18 U.S.C. § 3161(h)(1)(G) (1982)[1]).  "Furthermore, the

delay caused by the Rule 20 proceedings, which the defendant instigated, is clearly excludable from

the 70 day limit contained in the Speedy Trial Act under 18 U.S.C. § 3161(h)(1)(G) (1982)." *Id.*

___

[1]This subsection has been renumbered at 18 U.S.C. § 3161(h)(1)(E).  Under 18 U.S.C. §
3161(h)(1)(E), "delay resulting from any proceeding relating to the transfer of a case or the removal of
any defendant from another district under the Federal Rules of Criminal Procedure," is excluded time for
purposes of the Speedy Trial Act.

Upon review of the docket sheet regarding defendant's ongoing criminal proceedings in the Eastern District of Missouri, Case No. 4:11-cr-00186-RWS, defendant pled guilty to the charges against him in that matter on November 8, 2011, and sentencing was set to occur on Friday, October 19, 2012. Accordingly, the government is **DIRECTED** to notify this Court as soon as defendant becomes available to be transferred to this District.

## II.     Motion to Appoint New Counsel

The Court notes that the precise motion for new counsel pending before this Court was also filed by the defendant in the Eastern District of Missouri, Case No. 4:11-cr-00186-RWS, Doc. 71, and that court held a hearing and granted defendant's motion (*United States v. Walter Wallace, et al.*, 4:11-cr-00186-RWS, Doc. 77). This Court has not yet appointed counsel for the defendant because, as noted above, the defendant has not yet appeared before this Court. Accordingly, the Court **DIRECTS** the Clerk of Court to administratively **TERMINATE** defendant's motion to appoint new counsel (Doc. 18), as incorrectly filed in this action.

The Clerk of the Court is also **DIRECTED** to remove Andrew Hale from the docket as incorrectly added as defendant's attorney in this matter. Although Andrew Hale was appointed to represent the defendant in the Eastern District of Missouri, and acted as defendant's attorney for defendant's Rule 20 consent to transfer his case to the Eastern District of Missouri for plea and sentence, he has not entered an appearance on defendant's behalf before this Court, nor has this Court appointed him to represent the defendant in this matter. Furthermore, as a result of the motion and hearing in the Eastern District of Missouri noted above, Mr. Hale no longer represents the defendant in that matter. This Court will consider the issue of appointment of counsel during defendant's initial appearance.

**IT IS SO ORDERED.**

**DATE:**  **October 22, 2012**

**/s/  WILLIAM D. STIEHL**
        **DISTRICT JUDGE**